UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VALDEZ,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, SAN JOAQUIN COUNTY,<br><br>Defendant. | No. 2:20-cv-1406-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 5. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1         Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

          Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

          Plaintiff purports to sue in this action the California Superior Court for the County of San Joaquin. Liberally construed, the complaint alleges that in early 1998, plaintiff was arrested for an unspecified offense and required to wear an ankle monitor for 90 days. ECF No. 1 at 5. Plaintiff claims that although the charges against him were initially dropped and the criminal case dismissed, he was "rearrested" later that year and "double prosecuted." *Id*. Curiously, he alleges that he was acquitted after a trial, while also claiming he was sentenced to a prison term of three years. *Id*. Plaintiff alleges that the defendant violated his rights under the Fifth Amendment, claiming he was denied "just compensation" and subjected to "double prosecution." *Id*. at 4-5.

/////

Plaintiff appears to be asserting claims under 42 U.S.C. § 1983 for violation of the Fifth Amendment's takings and double jeopardy clauses. But the complaint's factual allegations are insufficient to state a violation of either clause. The complaint is devoid of any allegations reflecting defendant deprived plaintiff of private property. *See Knick v. Twp. of Scott*, ––– U.S. –––, 139 S. Ct. 2162, 2167, 204 L.Ed.2d 558 (2019) ("The Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use, without just compensation.'"). With respect to the double jeopardy claim, plaintiff does not allege he was subjected to a second criminal prosecution for the same offense for which he was previously acquitted or convicted. Nor does he allege defendant imposed multiple punishments for the same offense. *See* U.S. CONST. amend. V; *United States v. Brooklier*, 637 F.2d 620, 621 (9th Cir. 1981) (The double jeopardy clause "establishes three distinct protections: (1) against a second prosecution for the same offense after acquittal; (2) against a second prosecution for the same offense after conviction; (3) against multiple punishments for the same offense.").

Plaintiff's complaint also references the Thriteenth Amendment, but it does contain any allegations that implicate that amendment. *See* U.S. CONST. amend. XIII (providing that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.").[2]

But more significantly, plaintiff's allegations, although somewhat vague, demonstrate that plaintiff's § 1983 claims are untimely. The applicable statute of limitations starts to run when a plaintiff knows or has reason to know of the injury that is the basis of his action—typically the date on which the injury actually occurs. *See Ward v. Westinghouse Can.*, 32 F.3d 1405, 1407

---

[2] Further, neither the Supreme Court nor the U.S. Court of Appeals for the Ninth Circuit have decided whether a private right of action exists under the Thirteenth Amendment. *See Jane Doe I v. Reddy*, 2003 WL 23893010, at * 10 (N.D. Cal. Aug. 2003) ("[N]o decision has ever actually upheld a private right of action under the Thirteenth Amendment."); *Johnson v. Lucent-Alcatel*, 2019 WL 4391121, at *2 (C.D. Cal. July 24, 2019) ("The Court is not aware of any case that has recognized a private right of action under the 13th Amendment."); *see also Lagayan v. Odeh*, 199 F. Supp. 3d 21, 29 (D.D.C. 2016) ("[T]here is no private right of action under the Thirteenth Amendment.") (internal quotations omitted).

(9th Cir. 1994); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Actions arising under section 1983 look to the forum state's statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In California the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. The California Code of Civil Procedure provides that this limitation period is subject to two year tolling for prisoners who are serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a).

Accordingly, plaintiff had four years from the day his injuries accrued to bring this suit. Because plaintiff's injuries arise out of criminal prosecutions occurring in 1998, his claims are clearly untimely. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) ("An action may be dismissed under section 1915(d) where the defense is complete and obvious from the face of the pleadings or the court's own records."). Accordingly, it is recommended that plaintiff's complaint be dismissed without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

For these reasons, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 5) is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE